**United States District Court**
**For the Northern District of California**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GENARO QUINTANA,

                 Plaintiff,

      v.

MOUNTAIN VIEW-LOS ALTOS UNION
HIGH SCHOOL DISTRICT,

                 Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No.: 13-cv-02258-PSG

**ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS**

**(Re: Docket No. 13)**

     In this action for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"), Defendant Mountain View-Los Altos Union High School District (the "District")  moves to dismiss the complaint filed by Plaintiff Genaro Quintana ("Plaintiff"), who is proceeding pro se. Having considered the parties' papers and oral arguments, the court GRANTS the motion to dismiss with leave to amend.

## I.     BACKGROUND

     From September 2001 until August 2011, the District employed Plaintiff as a Student Conduct Liaison ("SCL").[1]  SCLs are charged with maintaining order and promoting a safe campus environment.[2]  Plaintiff informed the District that he suffered from memory impairment due to a

---

[1] *See* Docket No. 1 at 1.

Case No.: 5:13-cv-02258-PSG
ORDER

prior car accident.  Despite the impairment, Plaintiff states that he was able to work effectively as an SCL for a period of eight years.[3]

During the 2009-2010 and 2010-2011 school years, however, Plaintiff received several sub-standard work evaluations, each enumerating multiple instances of inadequate performance.[4]  On June 27, 2011, the District provided Plaintiff with a Statement of Charges and the opportunity to address the complaints.[5]  Despite his efforts, on August 2, 2011, Plaintiff was informed that his services as an SCL were no longer needed.[6]  Rather than terminate his employment, however, the District gave Plaintiff the opportunity to resign and then apply for a janitorial position with the school.[7]  Plaintiff did so but was let go after the six-month probationary period for his new job ended.[8]

On April 30, 2012, Plaintiff filed a claim in state court for wrongful termination, attempt to defraud, and gross negligence.[9]  His case was dismissed with leave to amend.[10]  On August 9, 2012, Plaintiff filed an amended complaint in state court for disability discrimination under California's Fair Employment and Housing Act ("FEHA").[11]  After Plaintiff failed to oppose the District's demurrer, however, the state court dismissed the case without leave to amend.[12]  On

---

[2] *See* Docket No. 1-1 at 9.

[3] *See* Docket No. 1 at 2; Docket No. 1-1 at 14.

[4] *See* Docket No. 1-1 at 9-13.

[5] *See id.* at  15.

[6] *See* Docket No. 1 at 3.

[7] *See id.*

[8] *See id.* at 4.

[9] *See* Docket No. 14-1 at 10.

[10] *See* Docket No. 14-2 at 8.

[11] *See* Docket No. 14-3 at 2.

Case No.: 5:13-cv-02258-PSG
ORDER

May 17, 2013, Plaintiff filed this claim in federal court for disability discrimination under the ADA.

## II.      LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitle to relief."[13]  The court must generally accept as true all "well-pleaded factual allegations,"[14] and must construe the alleged facts in the light most favorable to the plaintiff.[15]  If a plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the court may dismiss the complaint for failure to state a claim upon which relief may be granted.[16]  Thus, a complaint should only be dismissed where it "appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[17]  But even then, leave to amend shall be freely given when justice so requires.[18]

## III.      DISCUSSION

Plaintiff claims that the District terminated him because of his memory impairment and in violation of the ADA.[19]  The District challenges his claim on several grounds.  The District argues that even if Plaintiff had a disability and was a qualified individual under the ADA—both of which the District contests—Plaintiff was released for inadequate performance under the District's standards, not because of his allegedly poor memory.

---

[12] *See* Docket No. 14-4 at 6.

[13] Fed. R. Civ. P. 8(a).

[14] *Ashcroft v. Iqbal*, 566 U.S. 662, 664 (2009).

[15] *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988).

[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

[17] *Clegg v. Cult of Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

[18] See Fed R. Civ. P. 15(a).

[19] *See* Docket No. 1 at 5-6.

3

Case No.: 5:13-cv-02258-PSG
ORDER

The ADA provides that no "covered entity shall discriminate against a qualified individual with a disability because of disability."[20] To prove liability under the ADA, "the plaintiff must establish a prima facie case by showing that: (1) he is a disabled person within the meaning of the statute; (2) he is a qualified individual with a disability; and (3) he suffered an adverse employment action because of his disability."[21]  The plaintiff bears the burden of proving that he is qualified.[22] Because, as explained below, the court finds that Plaintiff has not sufficiently alleged the first prong of the prima facie case, the court does not reach the second or third prongs.

A "disability" under the ADA is "a physical or mental impairment that substantially limits one or more major life activities" such as working.[23]  Whether a person is disabled under the statute is an "individualized inquiry" that takes into consideration the "nature and severity of the impairment."[24]  Medical testimony is unnecessary at this stage to assert disability, but plaintiffs nevertheless must still allege facts of "sufficient detail to convey the existence of an impairment."[25]

Plaintiff pleads that because of a car accident years earlier he has a "physical and mental disability" that substantially, but periodically, impairs his memory.[26]  He further alleges that because of his memory impairment he is "unable to have an excellent memory at times."[27] Although Plaintiff states that his memory impairment "substantially limit[s] one or more major life activities," Plaintiff's complaint does not provide what major life activities his memory impairment

---

[20] 42 U.S.C. § 12112(a).

[21] *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 892 (9th Cir. 2001).

[22] *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104 (9th Cir. 2000).

[23] 42 U.S.C. § 12102.

[24] *Fraser v. Goodale*, 342 F.3d 1032, 1039 (9th Cir. 2003)

[25] *Head v. Glacier Northwest, Inc.*, 413 F.3d 1053, 1058 (9th Cir. 2005).

[26] Docket No. 1 at 2.

[27] *Id.*

Case No.: 5:13-cv-02258-PSG
ORDER

affects.[28]  He states that his memory impairment in fact has not interfered with his ability to perform his duties as an SCL.[29]  Plaintiff's complaint thus suggests that working was not a major life activity affected by his memory impairment.

Plaintiff's complaint alleges no other facts about how his impairment affects a major life activity.  Furthermore, suffering "*some* limit does not mean [Plaintiff] suffers a *substantial* limit."[30] And so even if Plaintiff's factual allegations suggest that Plaintiff's memory impairment in some way impacts his life, those factual allegations do not suffice for pleading that Plaintiff has a disability as defined by the ADA.  He thus has not met the first prong of his prima facie case and on this basis alone the court can and does dismiss Plaintiff's complaint.

## IV. CONCLUSION

Plaintiff has not pleaded sufficient facts from which the court may conclude that he is disabled under the ADA and thus dismissal of the complaint is warranted.  Because this deficiency may be remedied with further allegations, the motion to dismiss is GRANTED WITH LEAVE TO AMEND.  Plaintiff shall file any amended complaint within fourteen days of this order.  Given Plaintiff's pro se status, the Court notes that Plaintiff may be able to seek the services of the Federal Legal Assistance Self-Help Center at the San Jose Courthouse ("FLASH").[31]

**IT IS SO ORDERED.**

Dated: October 3, 2013

*Paul S. Grewal*
PAUL S. GREWAL
United States Magistrate Judge

---

[28] Docket No. 1 at 6.

[29] *See* Docket No. 1 at 2-3.

[30] *Fraser v. Goodale*, 342 F.3d 1032, 1040 (9th Cir. 2003) (emphasis in original).

[31] *See* http://www.cand.uscourts.gov/helpcentersj (describing resources provided by FLASH).

5

Case No.: 5:13-cv-02258-PSG
ORDER

United States District Court
For the Northern District of California